FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 18, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARISA W., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:18-CV-05092-JTR <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 16, 20. Attorney Thomas A. Bothwell represents Marisa W. (Plaintiff); Special Assistant United States Attorney Brett E. Eckelberg represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **DENIES** Defendant's Motion for Summary Judgment; **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; and **REMANDS** the case back to the Commissioner for additional proceedings consistent with this Order.

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits (DIB) on March 26, 2014. Tr. 82. She filed an application for Supplemental Security Income (SSI) on January 23, 2015. Tr. 140. On her DIB application, she alleged

ORDER GRANTING PLAINTIFF'S MOTION - 1

her disability began on May 1, 2012. Tr. 174.[1] She stated that the following mental conditions limited her ability to work: bipolar II; borderline personality disorder; depression; and anxiety. Tr. 239. The application was denied initially and upon reconsideration. Tr. 112-18, 120-24. There is no SSI application in the record, but there is evidence that it was incorporated at the Administrative Hearing level. Tr. 140. Administrative Law Judge (ALJ) Mary Gallagher Dilley held a hearing on February 17, 2017 and heard testimony from Plaintiff and vocational expert Daniel R. McKinney. Tr. 36-70. The ALJ issued an unfavorable decision on May 23, 2017. Tr. 15-26. The Appeals Council denied review on April 17, 2018. Tr. 1-5. The ALJ's May 23, 2017 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c). Plaintiff initiated this action for judicial review on May 29, 2018. ECF Nos. 1, 4.

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 31 years old at the alleged date of onset. Tr. 174. She completed high school in 1998. Tr. 240. Her reported work history includes accounting assistant at a pharmacy, an online retailer, and a collection agency and

---

[1]Plaintiff had a prior application that was filed on September 3, 2012, Tr. 81, alleging disability since June 23, 2011, Tr. 172. The application was denied on April 19, 2013, and no appeal was taken. Tr. 105-09. The ALJ's decision addressed the period from May 1, 2012 through May 23, 2017. *Id*. The Court finds that by making a determination including the period at issue in the prior application, the ALJ de facto reopened the prior adjudication. *See Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001).

ORDER GRANTING PLAINTIFF'S MOTION - 2

as an owner of a database programming company. Tr. 240, 247. When applying for benefits Plaintiff reported that she stopped working on May 1, 2012 because of her conditions. Tr. 239.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie

case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. §§ 404.1520(a), 416.920(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) the claimant can perform specific jobs which exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, she is found "disabled." 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On May 23, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act from May 1, 2012 through the date of the decision.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 1, 2012, the date of application. Tr. 17.

At step two, the ALJ determined that Plaintiff had the following severe impairments: bipolar disorder; personality disorder; and anxiety. Tr. 17.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform work at all exertional levels with the following nonexertional limitations: "she can perform simple, routine tasks. She can have no contact with the public. She can have occasional, superficial contact with co-workers." Tr. 19. The ALJ identified Plaintiff's past relevant work as administrative clerk, account clerk, and general clerk and found that she could not perform this past relevant work. Tr. 24.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of production assembler, industrial cleaner, and electronics worker. Tr. 25. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act from May 1, 2012, through the date of the ALJ's decision. Tr. 26.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by failing to properly weigh Plaintiff's symptom statements and failing to properly weigh the medical opinions in the record.

## DISCUSSION

### 1. Plaintiff's Symptom Statements

Plaintiff contests the ALJ's determination that Plaintiff's symptom statements were not supported in the record. ECF No. 16 at 5-11.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ did not find that Plaintiff was malingering, but did find that Plaintiff's statements concerning the intensity, persistence, and limiting effects of

her symptoms were "not entirely consistent with the medical evidence and other evidence in the record." Tr. 20. However, the ALJ failed to identify her reasons for this finding with specificity. This lack of specificity is reflected by the parties struggling to identify the ALJ's reasons in their briefing. Plaintiff identified the following three reasons: (1) Plaintiff had only sporadic mental health treatment; (2) the decision included "references to Plaintiff at times showing improvement"; and (3) Plaintiff's allegations were not consistent with her reported daily activities. ECF No. 16 at 7-9. Defendant identified the following four reasons: (1) Plaintiff's allegations were not consistent with her reported daily activities; (2) Plaintiff stopped working for reasons unrelated to her medical impairments; (3) Plaintiff's allegations were inconsistent with the medical evidence; and (4) Plaintiff's allegations were inconsistent with the medical opinions. ECF No. 20 at 14-18.

### A. Sporadic Medical Treatment

Plaintiff discussed the ALJ's conclusion that Plaintiff "only sought sporadic treatment." ECF No. 16 at 7 *citing* Tr. 20.

Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Here, the ALJ found that "[t]he claimant endorses a longstanding history of mental health issues for which she has only sought sporadic treatment." Tr. 20. However, at no point in the ALJ's decision, does she find that Plaintiff's reported symptoms were inconsistent with or undermined by the lack of treatment sought. While Plaintiff identifies this as one of the ALJ's reasons, it is nothing more than an inference that may reasonably be read into the ALJ's decision. An ALJ is required to provide reasons that are "sufficiently specific to allow a reviewing court to conclude that the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" *Bunnell v. Sullivan*, 947 F.2d 341, 345-56 (9th Cir. 1991) (quoting *Elam v.*

*Railroad Retirement Bd*, 921 F.2d 1210, 1215 (11th Cir. 1991). The Ninth Circuit stated that the finding in *Bunnell* was intended to supplement the preexisting "clear and convincing" standard with the requirement that the reasons provided by the ALJ must also be "specific." *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014). Because the ALJ failed to specifically state that one reason she discounted Plaintiff's statements was because Plaintiff only sought treatment sporadically, the reason is insufficient to meet the specific, clear and convincing standard.

Additionally, even if the ALJ had linked Plaintiff's sporadic treatment to her testimony sufficiently for the Court to identify it as a reason to reject her statements, the Ninth Circuit has found that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) *citing Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989).

### B. Daily Activities

Both parties discuss the ALJ's statements regarding Plaintiff's ability to be the primary caregiver to two young children and her reported ability to perform household chores. ECF No. 16 at 9 *citing* Tr. 20, 22; ECF No. 20 at 15 *citing* Tr. 20-21.

A claimant's daily activities may support an adverse determination regarding Plaintiff's symptom statements if (1) the claimant's activities contradict her other testimony, or (2) "the claimant is able to spend a substantial part of [her] day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603).

The ALJ repeatedly discusses Plaintiff's reported activities. Tr. 20 ("Counseling records leading up to the alleged onset date show some waxing and waning of depressive symptoms, but generally show normal mental status findings and indicate that the claimant was able to be the primary care provider for her two

young children"); Tr. 21 ("While the claimant endorsed a spotty history of mental health treatment, this was largely due to not being able to attend appointments because of her children."); Tr. 22 ("Despite these exacerbations, she has consistently remained the primary caregiver for her two young children. Notably, the records show that the claimant's limited mental health treatment is due primarily to not having childcare and is not due to her impairments."). However, the ALJ failed to make a specific finding that Plaintiff's activities were either inconsistent with her symptom statements or demonstrated she was involved in performing physical functions that were transferable to a work setting. Again, while there may be an inference by the ALJ that Plaintiff's activities undermined her statements, she failed to make such a specific finding. Therefore, this reason also fails to meet the specific, clear and convincing standard.

### A. Medical Opinion Evidence

Defendant asserts that the ALJ rejected Plaintiff's symptom statements because they were not supported by the medical opinions in the record. ECF No. 20 at 18 *citing* Tr. 22-24.

While the ALJ discussed the medical opinions on the pages identified by Defendant, she never made a finding that the opinions were inconsistent with Plaintiff's allegations, and, therefore, undermined Plaintiff's statements. Tr. 22-24. Additionally, the ALJ cited to a psychological evaluation by Carina Bauer, Psy.D. when discussing whether the medical evidence in the record supported Plaintiff's impairments. Tr. 21 (citing Exhibit 5F). However, in doing so, the ALJ did not address the opinion of Dr. Bauer. She only addressed Plaintiff's reports to Dr. Bauer and the objective observation made by Dr. Bauer. *Id*. Therefore, this too is nothing more than an inference and cannot be considered a specific, clear and convincing reason to reject Plaintiff's statements.

### C. Reasons Plaintiff Stopped Working

Defendant asserts that the ALJ rejected Plaintiff's symptom statements

because she stopped working for reasons other than her impairments. ECF No. 20 at 17 *citing* Tr. 23.

An ALJ may rely on the reasons a claimant left her prior work when determining the reliability of her symptom statements. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (ALJ properly relied on the fact that claimant left his job because he was laid off, rather than because he was injured, in finding the claimant not entirely credible). However, the ALJ only infers this reason in this case. In the conclusion of her discussion of credibility, she makes a finding that "the treatment records are minimal and fail to support the claimant's allegations of complete disability," and then states that "It is also noteworthy that the claimant was able to work for many years despite longstanding mental health issues, and left her past two jobs for reasons unrelated to her impairments." Tr. 22. She then concludes the paragraph with "In short, while the records support the need for some limitations, they did not support a finding of disabling impairment." *Id*. While the opening sentence of the paragraph appears to address the reliability of Plaintiff's symptom statements, the concluding paragraph appears to address the ultimate finding of the residual functional capacity determination. The ALJ failed to specifically state that Plaintiff's statements were undermined by the fact that she kept working or the reasons she left her prior employment. "It is also noteworthy" is not specific, clear and convincing.

The ALJ also discussed the reasons Plaintiff left her prior employment when addressing the weight provided to the opinion of Carina Bauer, Psy.D., stating the following:

> The claimant has longstanding mental health issues but was able to work in an office setting in the past, and only left to start her own business with her husband. She was able to work for her own business until it slowed down, and since that time has been the primary caregiver for her two children.

ORDER GRANTING PLAINTIFF'S MOTION - 9

Tr. 23. Again, by not specifically linking the reasons Plaintiff left her prior jobs to her symptom statements and explaining how one undermined the other, the ALJ failed to meet the specific, clear and convincing standard.

### E. The ALJ's Only Identifiable Reason

The sole reason the ALJ specifically identified for rejecting Plaintiff's symptom statements was that they were not supported by the medical evidence. Tr. 20 ("the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record"); Tr. 22 ("the treatment records are minimal and fail to support the claimant's allegations of complete disability. The records show that the claimant's symptoms were generally well-controlled with medications, and that exacerbations in her symptoms were generally due to situational stressors related to her marriage."). Neither party clearly addressed this reason in their briefs. ECF Nos. 16, 20. Plaintiff's discussion of the ALJ's characterization of Plaintiff's effort to seek treatment could, arguably, be seen as a challenge to this reason. *See* ECF No. 16 at 8.

A finding that a claimant's statements are not supported by the objective medical evidence is a reason to reject such statements, but it cannot be the only reason. *Lester*, 81 F.3d at 834; *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). This was the only reason identified with any specificity in this case. Therefore, it alone is insufficient to meet the specific, clear and convincing standard. The case is remanded for additional proceedings to further address Plaintiff's symptom statements.

### 2. Medical Opinions

Plaintiff argues that the ALJ erred by failing to discuss the opinion of Dr. Hashmi. ECF No. 16 at 11-16.

The ALJ is required to consider all medical source opinions in the file. 20 C.F.R. §§ 404.1527(c), 416.927(c). Medical opinions are defined as "statements

from acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairments." 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1). In this case, acceptable medical sources include licensed physicians and psychologists, but not licensed physician assistants.[2] 20 C.F.R. §§ 404.1502(a), 416.902(a).

The record contains a Mental Medical Source Statement dated January 24, 2017 which states that Plaintiff is severely limited in two areas of functioning, markedly limited in fifteen areas of functioning, and moderately limited in the remaining three areas of functioning. Tr. 488-90. The form is signed by Kishore Varada, PA-C, and his hand-printed name appears below his signature. Tr. 490. Below PA-C Varada's hand-printed name is a line for a Medical Consultant's Signature, which is blank. *Id*. Directly below this line is a hand-written name of Dr. Farruckh Hashmi, M.D. *Id*.

The ALJ assigned little weight to the opinion of PA-C Kishore Varada from the medical source statement dated January 2017. Tr. 23. Plaintiff argues that by not assigning the medical source statement to Dr. Hashmi, a psychiatrist and an acceptable medical source, the ALJ potentially assigned it less weight. ECF No. 16 at 13-14 (acknowledging that this was not one of the reasons the ALJ provided for assigning the opinion less weight). Defendant asserts that while the handwritten name of Dr. Hashmi was included on the form, it is unclear if this was a signature of the physician because the handwriting matches the hand-printed name of Mr. Varada. ECF No. 20 at 9. Additionally, Defendant asserts that the reasons the ALJ provided for assigning Mr. Varada's opinion little weight meet the specific and legitimate standard. ECF No. 20 at 2, 10-14 *citing Bayliss v.*

---

[2]Licensed physician assistants are considered acceptable medical sources in claims filed on or after March 27, 2017. 20 C.F.R. §§ 404.1502(a)(8), 416.902(a)(8).

*Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (the contradicted opinion of an acceptable medical source requires "specific and legitimate" reasons to reject).

The ALJ is responsible for resolving conflicts in medical testimony and resolving ambiguities. *Andrews*, 53 F.3d at 1039. The record is ambiguous as to whether or not the opinion can be attributed to Dr. Hashmi. Therefore, based on the current record, the Court will not disturb the ALJ's finding assigning the opinion to Mr. Varada. However, since the case is being remanded for the ALJ to properly address Plaintiff's symptom statements the Court defers any future decision regarding the ownership of the opinion expressed on the January 2017 Mental Medical Source Statement to the trier of fact, the ALJ, on remand.

## REMEDY

Plaintiff asks the Court to apply the credit-as-true rule and remand this case for an immediate award of benefits. ECF Nos. 16 at 17-18, 21 at 8.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court remands for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to

find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to properly address Plaintiff's symptom statements and to potentially address the opinion of Dr. Hashmi. Additionally, the ALJ will supplement the record with any outstanding evidence and call a psychological expert and a vocational expert to testify at a remand hearing.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED, in part,** and the matter is **REMANDED** for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED June 18, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE